## FORMAN, FORD & COMPANY v. F. B. MADIGAN.[1]

December 6, 1918.

No. 21,093.

**Account stated — findings supported.**

Action for $16.50 on an account stated. Answer alleged a purchase of goods for $15.50 and attempted to set out a counterclaim for $17.50. Plaintiff offered no evidence and defendant testified as to the counterclaim. The court found the allegations of the complaint were not true and those of the answer were true, that defendant was entitled to his counterclaim less $15.50, the value of the goods purchased, and ordered judgment in favor of defendant for the difference and costs. *Held:* The findings were sustained by the evidence. [Reporter.]

[1]Reported in 169 N. W. 546.

Action in the municipal court of Mankato to recover $16.50 upon an account stated. The case was tried before Plymat, J., who made findings and as conclusions of law ordered judgment in favor of defendant for two dollars. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*L. L. Larson*, for appellant.

*C. J. Laurisch*, for respondent.

PER CURIAM.

Plaintiff brought suit in the municipal court of Mankato, and for cause of action alleged an account stated for the sum of $16.50. Defendant denied the account stated, but alleged a purchase of goods of the value of $15.50, and then set forth, or attempted to set forth, a counterclaim for the sum of $17.50. At the trial plaintiff took the position that defendant, by alleging a purchase of goods of the value of $15.50, admitted its cause of action in that amount and offered no evidence whatever. Defendant testified as to his counterclaim, and this testimony, with some letters which passed between the parties, constitutes the evidence in the case. The court found that the allegations of the complaint were not true, no proof having been offered in support of them; that all the allegations of the answer were true; and that defendant was entitled to the sum of $17.50 on his counterclaim less the sum of $15.50, the value of the goods purchased, and rendered judgment in favor of defendant for the balance of two dollars and costs. Plaintiff appealed from the judgment.

The court offset against defendant's counterclaim the full amount claimed by plaintiff under the asserted admission, and plaintiff has no ground for complaint if defendant established his counterclaim. Plaintiff contends that the answer does not state sufficient facts to constitute a counterclaim, and also that the evidence is not sufficient to establish the counterclaim sought to be alleged.

Defendant alleged in substance that he was a sign painter and for a period of six years had purchased gold leaf from plaintiff, on the representation that it was sold to him at the same price at which it was sold to dealers and other painters in Mankato, and that in fact plaintiff had charged him 25 cents per package more than it charged other dealers, and had collected this excess on 70 packages amounting to a total overcharge of $17.50. The answer does not directly allege that defendant made his purchases in reliance upon the representations, nor that he completed his purchases and made payment therefor before discovering that the representations were not true, but, in view of the liberality with which pleadings in such courts are construed, especially after a trial has been had upon the merits and judgment has been rendered, and of the fact that the reply alleged that "after

the defendant had discovered that the plaintiff was charging him 25 cents per package for gold leaf more than it was charging other dealers for the same," he promised to pay the $15.50 admitted to be due, we think that in support of the judgment these facts may be inferred from the facts stated in the pleadings.

The testimony is brief and does not show what took place between the parties very clearly, but, when considered in connection with the admissions, we think the findings are sufficiently sustained. We think this is a case in which statutory costs should not be allowed and it is so ordered.

Judgment affirmed.